**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------X

**In re:**

**AC AVIATION LLC,**

**Chapter 11**

**Case No. 25-74763-spg**

**Debtor.**

-------------------------------------------------X

## DESIGNATION OF RECORD ON APPEAL AND
## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

AC Aviation , LLC (the "Appellant") designate the following items to be included in the

record on appeal, pursuant to the Notice of Appeal dated July 2, 2026 [ECF No. 230], from the

order and judgment of the United States Bankruptcy Court for the Eastern District of New York

dated June 18, 2026, *Order: (I) Granting in Part and Denying in Part Debtor's Objection to*

*Second Amended Proof of Claim of Arba Credit Investors III, L.P.; (II) Denying Motions in Limine*

*of Charles Tebele; and (III) Providing Related Relief* [ECF No. 212] , and set forth the following

as their designation of the record on appeal and statement of issues to be presented on appeal:

### A. Designation of Record on Appeal:

| # | ECF | Document | Date |
|---|---|---|---|
| 1 | **212** | Order granting in part/denying in part Claim Objection; denying Motions in Limine — *order appealed* | 6/18/26 |
| 2 | **230** | Notice of Appeal (w/ Ex.: Order Appealed From) | 7/2/26 |
| 3 | **Claim No. 1** | Claim No. 1; Claim of Arba Credit Investors III, L.P. w/ all annexed documents<br>1-1    Filed 3/10/2026; amount claimed: $6,136,354.03 (admin)<br>1-2    Filed 3/24/2026; amended claim #1; amount claimed: $6,141,354.03<br>1-3    Filed 3/26/2026; amended claim #1; amount claimed: $7,245,541.91 | 3/26/26 |
| 4 | **120** | Debtor's Motion to Object/Reclassify/Reduce/Expunge Claim | 3/17/26 |
| 5 | **131** | Arba's Response to Objection to Claim No. 1 (w/ Proof of Claim Pts. 1–5) | 3/24/26 |
| 6 | **135** | Arba's Letter re Amended Proof of Claim (w/ Proof of Claim Pts. 1–6) | 3/26/26 |
| 7 | **136** | Declaration ISO Claim Objection | 3/27/26 |

| # | ECF | Document | Date |
|---|---|---|---|
| 8 | **142** | Debtor's Supplemental Motion to Object/Reclassify/Reduce/Expunge Claim | 3/30/26 |
| 9 | **146** | Joint Pretrial Order | 4/7/26 |
| 10 | **160** | Debtor's Letter Requesting Discovery Dispute Conference | 4/28/26 |
| 11 | **161** | Order Scheduling Conference — first discovery dispute | 4/29/26 |
| 12 | **174** | Order re Discovery Dispute | 5/5/26 |
| 13 | **175** | Supplemental Order re Discovery Dispute | 5/5/26 |
| 14 | **181** | Debtor's Letter to Court — second discovery dispute | 5/12/26 |
| 15 | **182** | Order Scheduling Conference — second discovery dispute | 5/12/26 |
| 16 | **184** | Arba's Supplemental Brief in Advance of May 18 Evidentiary Hearing | 5/13/26 |
| 17 | **185** | Debtor's Memorandum of Law re Reasonableness of Attorney's Fees | 5/13/26 |
| 18 | **186** | Declaration of David Paisner, **together with all exhibits and attachments** (Exs. A–EE) | 5/13/26 |
| 19 | **187** | Declaration of Christopher T. Buchanan, **together with all exhibits and attachments** (Exs. A–J) | 5/13/26 |
| 20 | **188** | Arba's Witness List for May 18 Evidentiary Hearing | 5/13/26 |
| 21 | **190** | Declaration of Charles Tebele re Attorney's Fees, **w/ all exhibits** | 5/13/26 |
| 22 | **195** | Debtor's Supplemental Memorandum of Law in Support | 5/22/26 |
| 23 | **196** | Debtor's Supplemental Affirmation in Support, **w/ all exhibits** | 5/22/26 |
| 24 | **200** | Arba's Supplemental Memorandum of Law in Opposition | 5/27/26 |
| 25 | **202** | Declaration of Charles Tebele re Fees Through May 18, 2026 | 5/27/26 |
| 26 | **204** | **Corrected** Declaration of Charles Tebele, **w/ all 18 attachments** — *controlling* | 6/4/26 |
| 27 | **156 / 157** | Transcript — 4/15/26 hearing (Procedures Motion / escrow) | |
| 28 | **169** | Transcript — 4/30/26 discovery conference | |
| 29 | **179** | Transcript — 5/6/26 hearing | |
| 30 | **191** | Transcript — 5/13/26 discovery conference | |
| 31 | **193** | Transcript — 5/18/26 Evidentiary Hearing with Exhibits<br>    Ex. A; Declaration of Mr. Tebele w/ attachment #57   [ECF 190]<br>    Ex. 1; Declaration of Mr. Paisner w/attachment #109  [ECF 186] | |
| 32 | **206** (also **213**) | Transcript — 6/12/26 hearing (oral ruling appealed) | |
| 33 | **220** | Transcript — 6/24/26 status hearing | |

**B. Issues on Appeal:**

1. Whether the Bankruptcy Court erred as a matter of law where it found the Debtor's objection sufficient to shift the burden of proof to Arba Credit Investors III, L.P., never found that Arba carried its burden of persuasion as to any disputed charge, expressly found that Arba's evidence fell short of explaining the reasonableness of the challenged billing, and nonetheless allowed the challenged fees while faulting the Debtor's proof.

2. Whether the Bankruptcy Court applied an improper legal standard by discounting the Debtor's objection to the reasonableness of Arba's attorneys' fees on the ground that the objector is not an attorney or fee expert.

3. Whether the Bankruptcy Court failed to make the findings required by 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 7052, where it resolved each contested fee category on the chargeability of the category or the form of the invoices and made no finding that the amount billed for any task was reasonable.

4. Whether the Bankruptcy Court erred in its interpretation of the fee and expense provisions of the Aircraft Security Agreement, including Sections 2.3, 2.13, 5.2(g), 5.3, 5.7, 8.6, and 8.11, by treating categories of work as costs of "collection" or "enforcement," or as otherwise within the scope of those provisions — including the defense of the Debtor's affirmative claims, fee-defense work, work resisting the Debtor's payoff and post-petition financing, guaranty-enforcement work, third-party-lien work, forbearance and standstill-period work, loan-assignment work, and lien-perfection and registry work.

5. Whether the Bankruptcy Court erred by allowing fee and expense categories in full without any finding that the amounts charged were reasonable, notwithstanding that the Aircraft Security Agreement authorizes only "reasonable" and "actual and reasonable" fees, costs, and expenses.

6. Whether the Bankruptcy Court erred by resting its allowances on generalized propositions of law without engaging the specific, entry-level documentary evidence of non-chargeability and unreasonableness identified in the Debtor's declarations, which Arba did not address, and without addressing the authorities and arguments advanced by the Debtor as to the categories allowed.

7. Whether the Bankruptcy Court erred in declining to recompute interest following the reduction of Arba's claim.

8. Whether the Bankruptcy Court erred in treating as moot, by reason of Arba's concession, the Debtor's inability to test Arba's declarations against the Truist invoices, where the concession did not cure the prejudice arising from Arba's non-production of those invoices and where the Truist figures were the Debtor's comparator for assessing reasonableness.

9. Whether the Bankruptcy Court erred in denying the motions *in limine* of the Debtor and Charles Tebele.

10. Whether the Bankruptcy Court erred in holding that the materials annexed to Arba's proof of claim constituted prima facie evidence of the validity of the remaining categories of Arba's claim, where the Debtor challenged those categories as unsupported by the requisite documentation, and in further holding that the Debtor failed to present evidence sufficient to rebut that presumption.

11. Whether the Bankruptcy Court erred in allowing in full the second Rolls-Royce advance and the Sage-Popovich retainer, including in its construction of the Sage-Popovich engagement letter and its findings concerning the Rolls-Royce account credit.

12. Whether the Bankruptcy Court's determination of the redemption amount was erroneous to the extent it derived from the foregoing rulings.

Dated: July 16, 2026

Respectfully Submitted,

ROSEN & ASSOCIATES, P.C.
Counsel to AC Aviation LLC

By: */s/ Sanford P. Rosen*
    Sanford P. Rosen

PO Box 1274
Shelter Island Heights, NY 11965
(212) 223-1100

## CERTIFICATE OF SERVICE

I certify that on July 16, 2026, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record.

/s/ Christine McCabe
    Christine McCabe